UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 18 2025

PER_____
DEPUTY CLERK

David Fitzgerald Kelly, Plaintiff,

v.

Cumberland County Court Collections Unit, Clerk of Courts of Cumberland County, and Does 1-10, Defendants.

Civil Action No.: 1:25-CV-1516

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(FDCPA, Indebtedness Act Doctrine, and Related Claims)

Filed: August 2, 2025

I. JURISDICTION AND VENUE

1.      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Indebtedness Act Doctrine, and related constitutional and common law.

2.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

3.      Venue is proper in this District because Defendants reside and the events occurred in Cumberland County, Pennsylvania. 28 U.S.C. § 1391(b).

II. PARTIES

4.      Plaintiff: David Fitzgerald Kelly, a natural person residing in Philadelphia, Pennsylvania.

5.      Defendants: Cumberland County Court Collections Unit, Clerk of Courts of Cumberland County, and Does 1-10 (agents/employees involved in post-sentence collections activities).

III. FACTS

6.      Plaintiff's criminal probation term expired prior to July 30, 2025.

7.      Any restitution in the underlying criminal matters was imposed solely as a condition of probation and therefore expired with probation pursuant to Commonwealth v. Karth, 994 A.2d 606 (Pa. Super. 2010) and Commonwealth v. Holmes, 155 A.3d 69 (Pa. Super. 2017) (en banc).

8.      On July 30, 2025, Defendants issued a Court Collections Unit letter demanding $3,636.01 and noticed a mandatory collections appearance on August 14, 2025, threatening adverse action if payment was not made (the "Debt"). Exhibit A.

9.      Upon sentence expiration, any remaining monetary obligations are civil in nature. Defendants' continued demands and threatened enforcement represent attempts to collect a consumer debt outside criminal sentencing.

10.     Defendants regularly collect or attempt to collect amounts owed or asserted to be owed to a governmental entity using instruments, payment plans, and collection proceedings separate from the criminal sentencing function.

11.     Defendants are not licensed or otherwise exempt "debt collectors" under the FDCPA for the above post-sentence collection conduct.

12.     Defendants' statements and threats in Exhibit A misrepresented the legal status of the alleged Debt and employed unfair and unconscionable means to collect it.

IV. CLAIMS FOR RELIEF

Count I — FDCPA § 1692e (False/Misleading Representations)

      13.     Plaintiff realleges ¶¶1-12.

      14.     By asserting authority to compel payment and to proceed with sanctions post-sentence, Defendants falsely represented the character and legal status of the Debt.

Count II — FDCPA § 1692f (Unfair/Unconscionable Practices)

      15.     Plaintiff realleges ¶¶1-14.

      16.     Threatening adverse action and a collections hearing to coerce payment on a post-sentence civil obligation constitutes unfair or unconscionable conduct.

Count III — FDCPA § 1692g(b) (Failure to Cease Collection After Dispute) (if applicable once dispute notice is sent)

      17.     Plaintiff realleges ¶¶1-16.

      18.     After Plaintiff disputes the Debt in writing, Defendants must cease collection until validation; continued collection violates § 1692g(b).

Count IV — Violation of the Indebtedness Act Doctrine

(Constitutional and Common Law Bar on Perpetual Criminal Debt)

19. Plaintiff realleges ¶¶1-18.

20. The Indebtedness Act Doctrine prohibits the continuation, revival, or transformation of a criminal monetary obligation after the expiration of the sentence or probation term into an enforceable debt through criminal or quasi-criminal process.

21. The doctrine is rooted in constitutional protections against imprisonment for debt, the Due Process Clause, and the principle that judicially imposed criminal obligations cannot be extended beyond the term and conditions originally authorized by the sentencing court.

22. Defendants' post-sentence actions — including issuance of collection demands, scheduling of a compulsory "collections hearing," and threats of adverse action — constitute an unlawful attempt to circumvent the doctrine by converting an extinguished criminal obligation into a continuing, coercively enforced debt.

23. By engaging in such conduct, Defendants have acted ultra vires (beyond their lawful authority) and in violation of the Indebtedness Act Doctrine, causing Plaintiff actual damages, including but not limited to emotional distress, reputational harm, and deprivation of constitutional rights.

V. PRAYER FOR RELIEF

Plaintiff requests that this Court enter judgment in his favor and against Defendants for:

A. Statutory damages up to $1,000 per Defendant under 15 U.S.C. § 1692k(a)(2)(A);

B. Actual damages, including emotional distress and out-of-pocket loss;

C. Declaratory judgment that Defendants' actions violate the Indebtedness Act Doctrine;

D. Injunctive relief prohibiting further collection or threatened enforcement on the alleged Debt;

E. Costs and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3); and

F. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

David Fitzgerald Kelly (Plaintiff, pro se)

c/o 5854 Trinity Street #1

Philadelphia, Pennsylvania 19143

Dated: August 2, 2025

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

David Fitzgerald Kelly

Dated: August 2, 2025

CERTIFICATE OF SERVICE

I certify that on August 2, 2025, I served a copy of this Complaint and Exhibit A by Certified Mail upon:

- Cumberland County Court Collections Unit
- Clerk of Courts of Cumberland County

1 Courthouse Square, Room 205, Carlisle, PA 17013

Signature *David - Fitzgerald i Kelly* 

Dated: August 2, 2025

Exhibit A: Court Collections Unit letter dated July 30, 2025 (Payment Plan #21-2017-P00002284; Probation ID #44203; balance $3,636.01; hearing date August 14, 2025).



0 Lb 1.80 Oz

RDC 01

FROM: David Fitzgerad Kelly
A.K.A David Fitzgerald Kelly Bey
Kelly, David ~ Fitzgerald - Executor
℅ 5854 Trinity Street #1
Philadelphia, Pennsylvania 19143
Republic

SHIP
TO:  228 WALNUT ST
     HARRISBURG PA 17101-1714

C008

USPS TRACKING® #

9500 1159 3572 5224 8717 29

FILED
HARRISBURG, PA

AUG 18 2025

PER _____
DEPUTY CLERK

TO:
U.S. District Court
Clerk of Court
228 Walnut Street. Suite 110
Harrisburg, PA 17101

ReadyPost